JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 10-05825 MMM(JEMx) |
| Date | February 25, 2013 |

| | |
|---|---|
| Title | *Rosen v. Netsaits* |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Dismissing Plaintiff's Action Without Prejudice for Failure to Serve All Parties

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2010, Barry Rosen commenced this action under the Copyright Act, 17 U.S.C. § 101 et seq., against defendants Netsaits, B.V. ("Netsaits"), Jennsights, Inc. ("Jennsights"), and certain fictitious defendants.[1]

On August 16, 2010, Rosen filed a proof of service on Jennsights.[2]  On September 15, 2010, he filed a proof of service on Netsaits.[3]  On September 23, 2010, Rosen requested that the clerk enter defendants' default because they had failed to appear or respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure.[4]  The clerk issued a notice of deficiency stating that Jennsights' default could not be entered because the proof of service Rosen filed lacked required

---

[1]Complaint, Docket No. 1 (Aug. 5, 2010).

[2]Proof of Service, Docket No. 4 (Aug. 16, 2010).

[3]*Id.*

[4]Request to Enter Default, Docket No. 9 (Sept. 23, 2010).

information, i.e., the name of the person who accepted service on its behalf.[5] The clerk also issued a notice that Rosen's request for entry of Netsaits' default had been forwarded to the assigned judge for consideration, because the clerk could not determine the sufficiency of service on a foreign corporation.[6]

On September 30, 2010, Rosen filed another proof of service on Netsaits."[7] On October 12, 2010, he filed another request that the clerk enter its default, asserting that he had served the complaint on Netsaits as evidenced by the proof of service filed September 30, 2010. On November 3, 2011, Rosen filed yet another proof of service on Netsais.[8]

On December 13, 2012, the court issued an order to show cause why the case should not be dismissed for failure to serve the defendants. The order described the ways in which the service of process Rosen claimed to have completed appeared to be deficient.[9] The order instructed Rosen to detail his compliance with the requirements of Rule 4(h) of the Federal Rules of Civil Procedure. Specifically, it directed Rosen to provide a sworn declaration specifying the date of service, as well as "factual information and legal argument demonstrating that his service on Netsais was proper under the Hague Convention or Netherlands law."[10] The court also instructed Rosen to produce a translated copy of the document attached to his January 3 proof of service, as well as a declaration explaining the significance of the seal on the proof of service form.[11] Finally, it directed Rosen to file proof that he had served Jennsight's registered agent as required by Rule 4(h)(1)(B).[12] The court stated that failure to comply would result in immediate dismissal of Rosen's claims against defendants.[13]

---

[5]Notice of Deficiency, Docket No. 10 (Sept. 24, 2010). Rosen has not attempted to clarify, since the clerk entered the notice of deficiency, who accepted service for Jennsights.

[6]Notice of Deficiency, Docket No. 11 (Sept. 24, 2010).

[7]Id.

[8]Proof of Service, Docket No. 15 (Jan. 3, 2011).

[9]Order to Show Cause Why Case Should Not be Dismissed for Failure to Serve Defendant ("OSC"), Docket No. 17 (Dec. 13, 2012)

[10]Id.

[11]Id.

[12]Id.

[13]Id.

## II.  DISCUSSION

### A.  Service Under Rule 4 of the Federal Rules of Civil Procedure

Under Rule 4(h) of the Federal Rules of Civil Procedure, a domestic or foreign corporation may be served in a judicial district of the United States by following the law for service of summons of the state where the district court is located or where service is made, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." FED.R.CIV.PROC. 4(h)(1).

A foreign corporation may be served outside the United States in any manner prescribed by Rule 4(f) for serving an individual in a foreign country, except personal delivery under Rule 4(f)(2)(C)(i).  FED.R.CIV.PROC. 4(h).

Under Rule 4(f), an individual may be served in a foreign country:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders. FED.R.CIV.PROC. 4(f).

Service must be effected within 120 days of filing the complaint. FED.R.CIV.PROC. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

### B. Sufficiency of Plaintiff's Proofs of Service

#### 1. August 16, 2010 Proof of Service

As the court noted in the order to show cause, Rosen's August 16 proof of service contained the wrong caption. Rosen's August 16, 2010 proof of service reflects that an individual named Daniel Hendershot served a copy of the summons and the complaint in a matter captioned *Rosen v. Choopa, LLC et al.*, No. CV 10-5825 R (FFMx), on Jennsights' agent for service.[14] This matter was subsequently transferred to this court.

Rosen filed a declaration in response to the court's order to show cause.[15] In the declaration, he states that he does "not recall how or why [the August 16 proof of service]" contained the caption of a different case.[16] Rosen speculates that because the case number on the service documents had to be hand-corrected to reflect the change in the assigned judge, the server mistakenly used the original case number because he was unsure about the handwritten changes. Rosen states that the server can submit a new proof of service reflecting the correct judicial designation if the court desires. The court is less concerned, however, about the portion of the case number that refers to the assigned judgment than it is about confirming that Hendershot served the summons and complaint in this matter, rather than the summons and complaint in *Rosen v. Choopa*.

In his declaration, Rosen states that he has personal knowledge that the process server properly served the correct summons and complaint on Jennsights's authorized agent. He does not explain, however, how he could have personal knowledge that the correct summons and complaint were served, given that he was not the individual who served the documents. Rosen's bare assertion that the proper documents were served is insufficient to prove that effective service was made given documentary evidence to the contrary. Even considering the facts set forth in Rosen's declaration, the court cannot determine whether Hendershot correctly delivered the summons and complaint in this matter (*Rosen v. Netsaits*, No.10-5825 MMM (FMOx)) on Jennsights' agent for service, or whether he erroneously served the summons and complaint in *Rosen v. Choopa*, No. CV 10-2181 MMM

---

[14]Proof of Service, Docket No. 4 (Aug. 16, 2010).

[15]Declaration of Barry Rosen re Order to Show Cause Why Case Should Not Be Dismissed for Failure to Serve Defendant ("Rosen Decl."), Docket No. 21 (Dec. 20, 2012).

[16]Rosen Decl., ¶¶ 6-7.

(FMOx).[17]  The August 16 proof of service is therefore inadequate to prove effective service.

### 2. September 15, 2010 Proof of Service

On September 15, 2010, Rosen filed a proof of service reflecting that he had served a copy of the complaint and summons on Netsaits at "Lisserweg 37, Weteringbrug, Noord Holland, Netherlands 2156LA" in the manner prescribed by Rule 4(f) of the Federal Rules of Civil Procedure.[18]  Rosen attached to the proof of service a "track & confirm" print-out from the United States Postal Service's website, which indicated that his "shipment was delivered" by global express mail on August 24, 2010.[19]  No signed proof of receipt has been filed.[20]  Rosen asserts that the signed return receipt is a small card that "sometimes can and does get lost in the mail,"[21] but that the "mail would not reflect delivery related to the assigned tracking number had the letter not been signed for upon delivery and the receipt returned to the sender."[22]

As Rosen is aware, a plaintiff can serve a defendant in the Netherlands by international mail in accordance with Rule 4(f).  Pursuant to Rule 4(f), a plaintiff may serve a foreign defendant using "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served."  *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citing FED.R.CIV.PROC. 4(f)(2)(C)(ii)).  A plaintiff may also serve a foreign defendant by mail as specifically directed by the district court.  *Id.* at 805-06 (citing FED.R.CIV.PROC. 4(f)(3)).

Putting aside whether an allegedly lost return card suffices to show signed receipt, Rosen does not demonstrate that service was dispatched by the clerk of the court, as necessitated by Rule 4(f)(2)(C)(ii).  See *id.* at 808 (holding that the Hague Convention allows service of process by international mail, but service by mail must be sent by the clerk of the court, using a form of mail requiring a signed receipt, or as specifically directed by the district court).  Compare *Fireman's Fund Ins. Co., Ltd. v. Fuji Elec. Sys. Co., Ltd.*, No. C-04-3627, 2005 WL 628034, *3 (N.D. Cal. Mar. 17, 2005) (finding that service on a foreign corporation was proper where plaintiff forwarded documents to the clerk for the Northern District of California, requested that the clerk serve the documents by Federal Express, and the clerk effected service on defendant's general manager, as confirmed by a Federal Express tracking report showing that the manager signed for the package).

---

[17]Plaintiff did not name Choopa as a defendant in this action.

[18]Proof of Service, Docket No. 8 (Sept. 15, 2010).

[19]*Id.*

[20]OSC at 5.

[21]Rosen Decl., ¶ 17.

[22]*Id.*, ¶ 16.

Rosen has adduced no evidence that he served Netsais by via mail dispatched by the clerk of the court, nor has he filed proof of a signed receipt. Rosen's September 15 proof of service fails, therefore, to show that he properly served Netsaits under Rule 4(f).

### 3. September 30, 2010 Proof of Service[23]

On September 30, 2010, Rosen filed another proof of service reflecting that he served Gerco Marsch, an officer of Netsaits, on September 16, 2010, at Lisserwig 37, Weteringbrug 2156, Netherlands, pursuant to the California Code of Civil Procedure.[24] Rosen identified the person serving the complaint as "Hans Bols, Netherlands, Wisseloordpleic 2 Amsterdam."[25]

In his declaration responding to the court's order to show cause, Rosen identifies Bols as a local taxi driver.[26] He explains that he hired Bols because he was informed by local counsel in the Netherlands that "any competent person" could serve documents under Dutch law and Article 10(b) of the Hague Convention.[27] He attaches to his declaration photographs that purportedly document Bols walking up to Marsch's residence.[28]

As the court stated in the order to show cause, Rosen must demonstrate that he properly served Netsais in accordance with the Hague Convention, pursuant to Rule 4(f)(1), or "as prescribed by [Netherlands] law for service in that country in an action in its courts of general jurisdiction," pursuant to Rule 4(f)(2)(A). FED.R.CIV.PROC. 4(f)(1)-(2). Article 10(c) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") permits personal service to be effected by "judicial officers, officials or other competent persons." The Netherlands is a signatory to the Hague Convention, and does not oppose personal service under Article 10.[29] In the Netherlands, personal service in civil matters is effected by bailiffs; the Netherlands has interpreted the category of "judicial officers, officials or other competent persons"

---

[23]Rosen's declaration identifies this attempt at service as having taken place on September 17, 2010. (*Id.*, ¶ 19.)

[24]Proof of Service, Docket No. 12 (Sept. 30, 2010).

[25]*Id.*

[26]Rosen Decl., ¶19.

[27]*Id.*

[28]*Id.*, Exhs. 1-2.

[29]See Response of the Netherlands to Questionnaire of July 2008 relating to the Hague convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *available at* http://www.hcch.net/upload/wop/2008netherlands14.pdf.

in Article 10 as referring to bailiffs.[30] Rosen, however, represents that Bols is a taxi driver, not a bailiff.

While Rosen asserts that local counsel told him that any competent person could effect service in the Netherlands, he cites no authority demonstrating that service by Bols was effective under Netherlands law, nor does he cite any law contradicting the Hague Convention documents cited by the court in its order to show cause. The fact that Rosen relied on the advice of an attorney in his attempts to serve Netsaits is insufficient to establish that service on that entity was proper. Cf. *Lentz v. United States*, 10 F.3d 808, 1993 WL 468712, *1 n. 4 (9th Cir. Oct. 7, 1993) (Unpub. Disp.) ("Lentz also argues that he justifiably relied on a proof of service signed by a registered process server stating that 4(d) had been complied with. This argument is without merit as reliance on an attorney service or private process server does not constitute 'good cause'"). Consequently, Rosen has failed to show that he effected personal service on Netsaits in accordance with Netherlands law, the Hague Convention, and Rule 4(f)(1).

### 4.     Rosen's November 3, 2011 Proof of Service[31]

On November 3, 2011, Rosen filed another proof of service, asserting that he had served a copy of the summons and complaint on the Director of Netsais, Gerco Marsch, by personal service, at Lisseweg 37, Weteringbrug 2156, Netherlands. The handwritten date of service on the proof of service cannot be deciphered.[32] The form bears a foreign seal, but Rosen does not explain the significance of the seal. The proof of service is accompanied, moreover, by a document that is written entirely in the Dutch language. Despite the court's direction, Rosen still has proffered no translation of the document. The court cannot determine whether service was proper under the Hague Convention and/or as prescribed by Netherlands law because the document accompanying the proof of service is in Dutch, and Rosen provides no information concerning the origin or importance of the stamp on the proof of service.

In its order to show cause, the court specifically directed that Rosen "produce a translated copy of the document attached to his January 3 proof of service, as well as a declaration explaining the significance of the seal on the proof of service form." The court warned that "[f]ailure to comply with these requirements will result in immediate dismissal of Rosen's claims."[33] Rosen failed to comply with the court's order to submit a translation of the proof of service and the associated

---

[30]*Id.* at 5 ("In civil procedures the servicing of documents is done by a bailiff"); *id.* at 28 (defining "judicial officers, officials or other competent persons" as "bailiffs").

[31]Rosen's declaration identifies this attempt at service as having taken place on October 19, 2010. (Rosen Decl., ¶ 27.)

[32]The date of service appears to read "1g-10-2010" at 14.00.

[33]OSC at 5.

declaration. Instead, he proffered a copy of an order issued by another judge, in another case, entering default judgment against the defendants Rosen has named in this case.[34] The order provides no evidence that service was effected in this case in accord with the requirements of Rule 4(f). Nor does it respond to the court's direction that Rosen to produce a translation of the Dutch documents attached to the November 3, 2011 proof of service. Because Rosen fails to show that any of the proofs of service he has filed actually establish that defendants were properly served, this action must be dismissed.

### III.  CONCLUSION

For the reasons stated, Rosen has failed to file proofs of service demonstrating that he has complied with Rule 4(f), (h), or (m). Accordingly, the court dismisses his complaint without prejudice for failure to effect timely service under Rule 4.

---

[34] Rosen Decl., Exh. 3.